CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 08 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT LEE JOHNSON, JR., ) | CASE NO. 7:15CV00431 |
| ) | |
| Plaintiff, ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| SOUTHWESTERN VIRGINIA REGIONAL ) | |
| JAIL MEDICAL STAFF, ET AL., ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant(s). ) | |

Robert Lee Johnson, Jr., a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against the Southwestern Virginia Regional Jail medical staff, regarding treatment of his broken foot.[1] Johnson has also moved to amend to add two additional claims against the jail, regarding medical care received after he suffered a seizure and alleged miscalculation of his term of confinement. The court will grant this amendment, which does not identify any additional defendant(s). "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity[,]" and "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ." 28 U.S.C. § 1915A(a)-(b)(1). Upon review of Johnson's complaint as amended, the court concludes that he has no legal basis for a § 1983 claim against the defendant he has named and, therefore, will dismiss this case without prejudice.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735

---

[1] Plaintiff filed this civil action in the United States District Court for the Eastern District of Virginia. Because the claims arose within the jurisdiction of this court, however, the case was transferred here.

F.3d 153, 158 (4th Cir. 2013). As stated, Johnson's initial complaint and amendments name the jail's "medical staff" as the only defendant to all his claims. He cannot prevail in a § 1983 claim against this group of jail employees or the jail itself, as neither of these entities qualifies a "person" subject to suit under § 1983. See Preval v. Reno, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (finding that state and its agencies are not persons under § 1983); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding jail not a person for purposes of § 1983). Therefore, Johnson's claims against the jail's medical staff as a group, as he has currently identified them, must be summarily dismissed without prejudice under § 1915A(b)(1) as legally frivolous.[2] An appropriate order will issue this day.

The clerk will send a copy of this opinion and the accompanying order to plaintiff.

ENTER: This 8th day of September 2015.

*/s/ Gary Conrad*
Chief United States District Judge

---

[2] In any event, it does not appear that Johnson's allegations provide a basis for any claim actionable under § 1983 against anyone at this time. His sparse details about the medical evaluation and treatment he received at the jail suggests, at the most, possible claims of medical negligence or malpractice by unidentified staff members. Mere negligence is not actionable under § 1983. See Estelle v. Gamble, 429 U.S. 97, 102 (1976) (holding only deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment); Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008) ("Put simply, negligent medical diagnoses or treatment, without more, do not constitute deliberate indifference."). In Johnson's third claim, he seeks monetary damages based on a jail staff member's actions that have allegedly caused Johnson to be wrongfully confined past his proper release date. Until a court has held that Johnson's term of confinement has been miscalculated, however, he cannot seek damages on that issue against anyone under § 1983. See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

To the extent that Johnson may wish to seek his release from confinement, based on his allegation that he did not receive credit for time served on two sentences, his proper course of legal action is a petition for a writ of habeas corpus and not a civil rights action under § 1983. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Johnson may seek habeas corpus relief in this federal court only after he has exhausted available state court remedies. Id.; see also 28 U.S.C. § 2254(b) (regarding exhaustion requirement). Johnson's submissions do not suggest that he has filed any habeas corpus petition raising his sentence calculation claims in the state courts—either in the circuit court where he was convicted or in the Supreme Court of Virginia. Because it thus appears that he has available state court remedies by which to challenge the length of his confinement, this court will not construe his current submission as a § 2254 petition.

2